**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:12-CV-271-MR-DCK**

| | |
|---|---|
| TBR INTERNATIONAL, INC. and ERANE B. DOS SANTOS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| LONESTAR TRADING COMPANY, LLC, and PEDRO BARRETO, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND RECOMMENDATION**

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Dismiss Of Defendants Lonestar Trading Company, LLC And Pedro Barreto" (Document No. 13). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

**I. BACKGROUND**

TBR International, Inc. ("TBR") and Ernane B. Dos Santos ("Santos") (together "Plaintiffs") filed their original "Complaint" (Document No. 1-1) against Lonestar Trading Company, LLC ("Lonestar") and Pedro Barreto ("Barreto") (together "Defendants") in the Superior Court of Mitchell County, North Carolina, on August 2, 2012. On August 31, 2012, Defendants filed a "Notice Of Removal Of Civil Action" (Document No. 1) with this Court.

Defendants originally filed "Motions To Dismiss…" (Document No. 3) on September 7, 2012. On September 21, 2012, the undersigned issued a "Memorandum And Recommendation And Order" (Document No. 8) that allowed Plaintiff to file an "Amended Complaint"

(Document No. 9) and recommended that Defendants' "Motions To Dismiss…" (Document No. 3) be denied as moot. The Honorable Martin Reidinger issued an "Order" (Document No. 10) accepting the undersigned's "Memorandum And Recommendation…" (Document No. 8) on October 22, 2012.

On October 30, 2012, Defendants filed another "Motion To Dismiss…" (Document No. 13), along with "Defendants' Brief In Support Of Motion To Dismiss Amended Complaint" (Document No. 14). Defendants seek dismissal pursuant to Fed.R.Civ.P. 12(b)(6). (Document Nos. 13-14). Plaintiffs' "Response To Defendants' Motion To Dismiss Amended Complaint" (Document No. 15) was filed on November 12, 2012. Defendants then failed to timely file a reply brief, or notice of intent not to reply, as required by Local Rule 7.1 (E).

On December 21, 2012, the undersigned issued an "Order" (Document No. 16) that noted Defendants' failure to make a filing consistent with Local Rule 7.1(E), and then "**ORDERED** that Defendants shall file a reply brief in support of their motion on or before **January 3, 2013**." Instead of filing a reply brief as ordered, Defendants filed a "Notice Of Intent Not To File A Reply Brief" (Document No. 17) on January 2, 2013. As such the pending motion to dismiss is ripe for review and a recommendation to Judge Reidinger.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct.

1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

> The Supreme Court has also opined that
>
>> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendants contend that "each and every claim of the Complaint fails to state a cause of action upon which relief can be granted." (Document No. 14, p.2). Defendants argue that the "allegations are, variably, self-contradictory, contradict the documents attached as Exhibit "A", fail to allege the essential elements of an enforceable contract, do not clearly identify or define the actual parties thereto and do not constitute a 'short and plain statement of the claim showing

3

that the pleader is entitled to relief' in accordance with Rule 8(a)(2)." (Document No. 3, p.14). Defendants conclude that the facts alleged are "implausible," and therefore, the claim for breach of contract must be dismissed. (Document No. 14, pp.5-7). Defendants essentially extend their deficient pleading argument to further contend that Plaintiffs' claims for fraud, and for unfair and deceptive trade practices, must also be dismissed. (Document No. 14, pp.7-13).

In their "Response To Defendants' Motion…" (Document No. 15), Plaintiffs assert that the Amended Complaint adequately alleges a scheme whereby Defendants entered into a contractual agreement with Plaintiffs in order to induce Plaintiffs to accept a multiple payment plan for Defendant's purchase of gemstones from Plaintiffs. (Document No. 15, p.2). Plaintiffs allege that Defendants then failed to pay the remaining balance of $44,000.00 due to Plaintiffs, and also failed to adhere to a promise to sell certain other gemstones at three dollars per pound to Plaintiffs. Id. Plaintiffs contend that checks totalling $41,037.00 from Lonestar's account, signed by Barreto, were presented but soon after cancelled. Id. See also, Document No. 9-1, p4). Plaintiffs argue that despite Defendants' allegations of contradictions, the Amended Complaint and its Exhibits A-D, show an agreement between both Plaintiffs and both Defendants that was breached by Defendants. (Document No. 15, p.3).

After careful consideration of the parties' briefs, the undersigned finds Plaintiffs' arguments most persuasive. While the Amended Complaint may not be a model of clarity, applying the standard of review set forth above, the undersigned finds the complaint to be adequate to survive the current motion to dismiss. In particular, viewing the Amended Complaint in the light most favorable to Plaintiffs, it sufficiently gives Defendants fair notice of what the claim is, and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) and Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993). Defendants'

failure to file a reply brief, or notice of intent not to reply, as required by the Local Rules, and then their failure to adhere to the Court's specific order that they "shall file a reply brief in support of their motion" also represents a missed opportunity to address Plaintiffs' arguments in the "Response…" (Document No. 15). (Document No. 16).

In short, the undersigned is not convinced by Defendants' assertions that Plaintiffs claims are "implausible." (Document No. 14). It appears that discovery in this matter is appropriate. If Defendants still contend after sufficient discovery has been exchanged that Plaintiffs' claims are without merit, they may certainly file an appropriate dispositive motion.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Motion To Dismiss Of Defendants Lonestar Trading Company, LLC And Pedro Barreto" (Document No. 13) be **DENIED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);

Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 13, 2013

David C. Keesler
United States Magistrate Judge