THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00271-MR-DCK

| | |
|---|---|
| TBR INTERNATIONAL, INC. and ERNANE B. DOS SANTOS, ) ) ) Plaintiffs, ) ) vs. ) ) LONESTAR TRADING COMPANY, ) LLC, and PEDRO BARRETO, ) ) Defendants. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiffs' Renewed Motion to Strike Defendants' Answer and Counterclaim [Doc. 40] and Plaintiffs' Renewed Motion for Summary Judgment [Doc. 42].

**I.    PROCEDURAL BACKGROUND**

On January 9, 2014, attorney David Etheridge was allowed to withdraw as counsel for the Defendants. [Doc. 32]. In the Order, the Honorable David C. Keesler, United States Magistrate Judge, directed the Defendant Lonestar Trading Company, LLC to file a notice of appearance of new counsel on or before January 24, 2014. [Id.]. Judge Keesler further extended the deadlines for mediation and for the filing of dispositive motions to February 10 and February 21, 2014, respectively. [Id.].

On February 5, 2014, the Plaintiffs filed a Motion to Strike the Defendants' Answer and Counterclaim [Doc. 33] and a Motion for Summary Judgment [Doc. 34]. These motions were denied without prejudice, however, for failing to comply with the Court's font and brief requirements. [Doc. 39].

On February 4, 2014, the Plaintiffs attended a mediation session that their counsel had noticed unilaterally. The Defendants failed to attend. [See Doc. 38]. On February 6, 2014, the Defendant Pedro Barreto filed a motion explaining his absence from the mediation and seeking an extension of the mediation deadline so that the mediation could be rescheduled. [Doc. 36]. On February 7, 2014, Judge Keesler entered an Order extending the period for mediation until March 14, 2014. [Doc. 37]. Judge Keesler further directed Defendant Lonestar Trading Company, LLC to show cause on or before February 18, 2014 as to why it had failed to file a notice of appearance of new counsel as previously ordered. [Id.].

On February 12, 2014, the Plaintiffs renewed their motions to strike and for summary judgment, citing the Defendants' failure to retain counsel and their failure to attend the February 4, 2014 mediation. [Docs. 40, 42].

## II. ANALYSIS

### A. Motion to Strike

The Plaintiffs move pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike the Defendants' Answer and Counterclaim. Rule 12(f) provides, in pertinent part, that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Here, the Plaintiffs do not cite any "insufficient defense" or "any redundant, immaterial, impertinent, or scandalous matter" in the Defendants' pleadings. Rather, the Plaintiffs argue that the Answer and Counterclaim should be stricken because Lonestar Trading Company, LLC has failed to obtain counsel as previously ordered by the Court, and because Defendant Pedro Barreto "has failed to respond as the undisputed Registered Agent of the Corporate Defendant, nor for himself individually." [Doc. 40]. As such, the Court will construe the Plaintiffs' motion as one seeking the entry of default against these Defendants for their failure to appear or otherwise defend this action.

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Here, however, it is unclear precisely in what manner Defendant Barreto

3

has "failed to respond" as alleged by the Plaintiffs. Barreto has been unrepresented only for a matter of weeks. While Barreto apparently failed to attend a mediation unilaterally noticed by the Plaintiffs, he did subsequently file a motion explaining his absence from the mediation and requesting an extension of the mediation deadline, which has been granted. Clearly, Defendant Barreto is taking steps to defend this action, and therefore, the Court will not strike his pleadings or otherwise order the entry of default against him.

The Court will, however, allow the motion as to Defendant Lonestar Trading Company, LLC. As a limited liability company, this Defendant may not proceed as an unrepresented party in this matter. See Gilley v. Shoffner, 345 F.Supp.2d 563, 567 (M.D.N.C. 2004). Lonestar Trading Company, LLC previously was ordered on two occasions to retain counsel and has failed to do so. For these reasons, the Court will strike the Answer and Counterclaim filed on behalf of Lonestar Trading Company, LLC, and will direct the Clerk of Court to make an entry of default as to this Defendant.

**B.    Motion for Summary Judgment**

The Plaintiffs also move for summary judgment as to both Defendants. For grounds, the Plaintiffs assert -- without citation to any

4

meaningful legal authority -- that "Defendants failed to obtain counsel as Ordered by the Court" and "Defendants failed to appear for mediation after having received proper notice."  [Doc. 43 at 2].

The Plaintiffs' Motion is simply without merit.  As noted above, only Defendant Lonestar Trading Company, LLC was ordered to obtain new counsel, and having failed to do so, has been defaulted.  Defendant Barreto, however, was not so ordered because, as a non-corporate party, he may continue to represent himself in this action.  Further, while Defendant Barreto failed to attend a mediation unilaterally noticed by the Plaintiffs, he has provided sufficient reasons explaining his absence therefrom and has been granted an extension of the mediation deadline so that mediation may be rescheduled at a time agreeable by all parties.  Accordingly, the Plaintiffs' Motion for Summary Judgment will be denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Renewed Motion to Strike Defendants' Answer and Counterclaim [Doc. 40] is **GRANTED IN PART** and **DENIED IN PART**.  Specifically, the Motion [Doc. 40] is **GRANTED** to the extent that the Answer and Counterclaim of Lonestar Trading Company, LLC is hereby **STRICKEN**.  The Clerk of Court is directed to make an entry of default as to Lonestar Trading Company, LLC.  The Motion [Doc. 40] is **DENIED** with respect to Defendant Barreto.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion for Summary Judgment [Doc. 42] is **DENIED**.

**IT IS SO ORDERED.** Signed: February 24, 2014

Martin Reidinger
United States District Judge