THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00271-MR-DCK

| | |
|---|---|
| TBR INTERNATIONAL, INC. and ) <br> ERNANE B. DOS SANTOS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> LONESTAR TRADING COMPANY, ) <br> LLC, and PEDRO BARRETO, ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment against the Defendant Lonestar Trading Company, LLC [Doc. 47].

The Plaintiffs initiated this action against Defendants Lonestar Trading Company, LLC ("Lonestar Trading") and its registered agent Pedro Barreto ("Barreto") on August 2, 2012. [Doc. 1-2]. The Defendants removed the action to this Court on August 31, 2012. [Doc. 1]. On February 24, 2014, the Court entered an Order directing the Clerk of Court to make an entry of default against Lonestar Trading based on that

Defendant, a limited liability company, having failed to obtain counsel as previously ordered. [Doc. 44]. The Clerk thereupon entered default against this Defendant. [Doc. 45]. The Plaintiff now moves for the entry of a default judgment against said Defendant. [Doc. 47].

The Plaintiff's Motion for Default Judgment is premature at this time. It is well-established that "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690 (3d ed. 2008). This rule is equally applicable beyond the context of joint and several liability to "situations in which several defendants have closely related defenses." Id.; see also United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942, 944-45 (4th Cir. 1967). Here, the Defendants named in this action are alleged to be jointly and severally liable to the Plaintiff under several theories. At the very least, it would appear that Lonestar Trading could raise defenses which are closely related to defenses raised by Barreto, who is still actively defending this action. For these reasons, the Court finds that the appropriate procedure for the Plaintiff to follow is to await a final ruling on the merits as to the remaining

Defendant before seeking the entry of a default judgment against Lonestar Trading. See, e.g., Scottsdale Ins. Co. v. Dennis Ins. Group, Inc., No. 3:08-cv-00173-FDW, 2009 WL 81213, at *1 (W.D.N.C. Jan. 9, 2009).

Accordingly, the Plaintiff's Motion for Default Judgment [Doc. 47] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: March 8, 2014

Martin Reidinger
United States District Judge