THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00271-MR-DCK

| | |
|---|---|
| TBR INTERNATIONAL, INC. and ERNANE B. DOS SANTOS, ) ) ) Plaintiffs, ) ) vs. ) ) ) LONESTAR TRADING COMPANY, ) LLC, and PEDRO BARRETO, ) ) Defendants. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion for Default Judgment [Doc. 59].

## I. PROCEDURAL BACKGROUND

The Plaintiffs TBR International, Inc. ("TBR International) and Ernane B. Dos Santos ("Dos Santos") initiated this action against Defendants Lonestar Trading Company, LLC ("Lonestar Trading") and Pedro Barreto ("Barreto") on August 2, 2012. [Doc. 1-2]. The Defendants removed the action to this Court on August 31, 2012. [Doc. 1]. In January 2014, the Court allowed Defendants' counsel to withdraw. [Doc. 32]. Lonestar

Trading was given until January 24, 2014 to file a notice of appearance of new counsel. [Id.]. When Lonestar Trading failed to obtain counsel as ordered, the Court entered an Order directing the Clerk of Court to make an entry of default against it. [Doc. 44]. The Clerk entered default against this Defendant on February 24, 2014. [Doc. 45].

On April 4, 2014, the Court entered an Order directing Barreto to show cause why he failed to attend the parties' March 11, 2014 mediation. [Doc. 56]. When Barreto failed to respond to the Court's Order, the Court directed the Clerk to make an entry of default against him. [Doc. 56]. The Clerk entered default against Defendant Barreto on April 26, 2014. [Doc. 58].

On April 30, 2014, the Plaintiffs filed the present motion, seeking the entry of a default judgment against both Defendants. [Doc. 59].

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Once a defendant has been defaulted, the plaintiff may then seek a default judgment. If the plaintiff's claim is for a sum certain or can be made certain by computation, the Clerk of Court may enter the default judgment. Fed. R.

Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). The Court may then conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter necessary to enter or effectuate judgment. Id.

## III. FACTUAL BACKGROUND

The following facts as set forth in the Amended Complaint [Doc. 9] are deemed admitted.[1]

TBR International is a New York corporation which is authorized to do business in the State of North Carolina. Dos Santos is a citizen and resident of Miami Springs, Florida. [Doc. 9 at ¶ 1]. Lonestar Trading is a currently inactive Nevada registered limited liability company. Barreto is a California resident and is the registered agent of Lonestar Trading. [Id. at ¶ 2].

On or about November 16, 2010, Dos Santos and Barreto entered into an agreement regarding the sale of various gemstones. [Id. at ¶ 4]. The parties' agreement is memorialized in an invoice to both Defendants, dated November 16, 2010, which includes a handwritten statement by

---

[1] GlobalSantaFe Corp. v. Globalsantafe.com, 250 F.Supp.2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.").

Barreto recognizing that the total due to TBR International for an assortment of gems is $84,000.00. [Id. at ¶¶ 5, 6]. According to the terms of this writing, $40,000.00 was to be paid, emeralds were to be traded at $3.00 per pound, and the remaining $44,000.00 was to be paid in 2012. [Id. at ¶ 6].

An assortment of gems were shipped to Barreto in November 2010, and Barreto accepted the shipped items. [Id. at ¶ 7]. On August 6, 2011, Lonestar sent Dos Santos an invoice, demanding payment for the emeralds at the rate of $6.00 per pound in the amount of $41,811.00, which was directly contradictory to the parties' original agreement. [Id. at ¶ 8].

In February 2012, Dos Santos received two (2) checks payable on Lonestar's account with Bank of America and signed by Barreto. One check was in the amount of $37,037.00, and the second check was in the amount of $4,000.00. These checks represented a partial payment of the monies owed by the Defendants to the Plaintiffs. [Id. at ¶ 9]. On or about 5 March 2012, Plaintiff Dos Santos presented these checks for payment, but the checks were returned and dishonored due to the Defendants' stop payment order which was issued on these documents. [Id. at ¶ 10].

The Plaintiffs have repeatedly made demand upon the Defendants for payment of all monies owed and payable under the contract herein alleged,

and Defendants have failed and refused to make any payments thereon. [Id. at ¶ 11].

IV. **DISCUSSION**

In their motion for default judgment, the Plaintiffs seek the entry of a judgment in the amount of $97,000 against the Defendants, jointly and severally, as damages for monies owed under the parties' contract.[2]

To establish a claim for breach of contract under North Carolina law, a plaintiff must show: (1) the existence of a valid contract and (2) a breach of the terms of that contract. Charlotte Motor Speedway, LLC v. County of Cabarrus, 748 S.E.2d 171, 175 (N.C. Ct. App. 2013). Here, the Plaintiffs have established through the Amended Complaint that the parties had a valid agreement for the sale of gemstones and that the Defendants breached that contract by failing to pay the agreed upon price for the gemstones. Accordingly, the Court concludes that the Plaintiffs are entitled to a judgment on their breach of contract claim.

With respect to the amount of damages, the Plaintiffs seek the entry of a judgment in the amount of $97,000 against the Defendants, jointly and severally, for monies owed under the parties' contract. The Plaintiffs'

---

[2] The Plaintiffs do not seek any damages for their claims of fraud or unfair and deceptive trade practices.

Amended Complaint and supporting affidavits, however, establish only that the Defendants agreed to purchase a variety of gemstones for a sum certain, that being $84,000.00.  The Plaintiffs have not presented any evidence to support their claim for an award of $97,000.00 for the Defendants' breach of contract.  Accordingly, the Plaintiffs' judgment shall be limited to $84,000.00, the amount owed under the contract.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion for Default Judgment [Doc. 59] is **GRANTED**, and the Clerk is directed to enter a Judgment in favor of the Plaintiffs against the Defendants in the amount of Eighty Four Thousand Dollars ($84,000.00).

**IT IS SO ORDERED.**

Signed: May 15, 2014

Martin Reidinger
United States District Judge